UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 18-10907-RWZ


KATHY DUMONT, *individually and on
behalf of all others similarly situated*

v.

REILY FOODS COMPANY, *et al.*


MEMORANDUM OF DECISION & ORDER

September 24, 2018

ZOBEL, S.D.J.

Plaintiff Kathy Dumont purchased a package of New England Coffee Company's Hazelnut Crème Coffee featuring a front label that "prominently described the coffee as Hazelnut Cream ...." See Docket # 1 at 1. The product does not include hazelnut; instead, as indicated on the back label of the package, it is "Naturally and Artificially Flavored." See Docket # 1 at 5. According to her complaint, plaintiff would not have bought the coffee or would have paid less for it had she known the product did not include hazelnuts. See id. at 4, 16. Individually and on behalf of a putative nationwide class of similar consumers, plaintiff asserts three claims based upon this "[i]nnacurate labeling": violation of Mass. Gen. Laws ch. 93A, § 2 (Count 1); violation of Mass. Gen. Laws ch. 266, § 91 (Count 2); and, in the alternative, unjust enrichment (Count III). See Docket # 1 at 4, 13-17.

Defendants Reily Foods Company and New England Coffee Company have moved to dismiss the complaint, which motion is allowed. To adequately state her

claims, plaintiff must set forth sufficiently particularized facts permitting at least the reasonable inference that defendants' coffee packaging "has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted (i.e. to entice a reasonable consumer to purchase the product)." See Carlson v. The Gillette Co., No. CV 14-14201-FDS, 2015 WL 6453147, at *4 (D. Mass. Oct. 23, 2015) (quoting Aspinall v. Philip Morris Companies, Inc., 813 N.E.2d 476, 488 (Mass. 2004)).  Beyond the allegation that "Plaintiff purchased NECC's Hazelnut Crème Coffee" and the conclusory assertion that she "reasonably believed that the coffee contained ... hazelnut," the complaint offers insufficient detail regarding the circumstances of plaintiff's purchase.  See Docket # 1 at 1.  Without more, her complaint fails to pass muster under the relevant pleading standard.  See Fed. R. Civ. P. 9(b) ("in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity").

Accordingly, defendants' motion (Docket # 10) is allowed.  Judgment may be entered dismissing the complaint.

    September 24, 2018                      /s/Rya W. Zobel

DATE                                       RYA W. ZOBEL

                                       SENIOR UNITED STATES DISTRICT JUDGE