UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-CV-10907-RWZ

KATHY DUMONT, *individually and on behalf of all others similarly situated*

v.

REILY FOODS COMPANY, *et al.*

MEMORANDUM & ORDER

March 25, 2021

ZOBEL, S.D.J.

Plaintiff Kathy Dumont, on behalf of a putative class, brought suit against Reily Foods Company and New England Coffee Company ("defendants"), for violation of Mass. Gen. Laws ch. 93A, § 2 (Count I); violation of Mass. Gen. Laws ch. 266, § 91 (Count II); and, in the alternative, unjust enrichment (Count III). Defendants filed a motion to dismiss, which this court allowed. The United States Court of Appeals for the First Circuit then reversed the dismissal as to Count I of the complaint.[1] See Dumont v. Reily Foods Co., 934 F.3d 35 (1st Cir. 2019). Defendants now move for summary judgment on the only remaining count based on an allegedly deficient ch. 93A demand letter.[2] Docket # 31.

---

[1] Because plaintiff failed to brief any issues pertaining to her ch. 266 and unjust enrichment claims, the Court of Appeals did not address them. Accordingly, those counts remain dismissed pursuant to this court's judgment. Docket # 21.
[2] Plaintiff did not oppose; I therefore allowed the motion and entered judgment for defendants, Docket ## 36, 37. Dumont subsequently filed a Motion for Reconsideration, which the court allowed. Docket # 39.

1

I.   **Factual Background**[3]

On July 28, 2017, plaintiff, "on behalf of a nationwide putative class of consumers," sent a demand letter to New England Coffee Company. In part, it reads:

> Ms. Dumont is a purchaser of New England Coffee Company's Flavored Coffees. Despite being labeled and characterized as Flavored Coffees, the Products contain none of their characterizing ingredients (e.g. the Hazelnut Crème does not contain hazelnut, the Blueberry Cobbler Coffee does not contain blueberries, etc.)[.] By characterizing the Products in this manner, New England Coffee Company has and continues to mislabel and falsely advertise this [sic] Products in violation of law.

Plaintiff avers that defendants were required, pursuant to 21 C.F.R. 101.22, to state on the "front of the package that the Product is naturally and artificially flavored." She also alleges that defendants misbranded the products, 21 U.S.C. § 343. She demanded that New England Coffee Company rectify the violation by, inter alia, "[p]ay[ing] damages in the form of a refund of monies to [her] and other putative class members earned from the sale of the Product over the past 4 years throughout the United States."

Defendant's response, dated August 22, 2017, highlighted several issues with the demand letter including missing details about any physical injury or financial loss suffered by Dumont. Defendants also offered to reimburse plaintiff if she provided proof of purchase and returned any unused product(s). Plaintiff acknowledged receipt of the letter from defendants' counsel but did not otherwise respond.

II.   **Discussion**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[3] The undisputed facts are derived from defendant's statement of material facts, plaintiff's response thereto, and all documents filed therewith. Dockets ## 33, 34, and 41.

2

matter of law." Fed. R. Civ. P. 56(a). Massachusetts General Laws Chapter 93A, Section 9(3), provides in relevant part: "At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and <u>reasonably describing</u> the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." <u>See</u> <u>Richards v. Arteva Specialties S.A.R.L.</u>, 850 N.E.2d 1068, 1073 (2006) (emphasis added).

Defendants move for summary judgment on the ground that plaintiff's demand letter failed to identify any cognizable injury that she or any putative class member suffered. They point out that the demand letter discussed an alleged regulatory violation at length, but it did not expressly state that Dumont was dissatisfied with her purchase, that she overpaid for the coffee, or that she would not have purchased it had she been aware of its ingredients. Plaintiff asserts that her description of damages, specifically her request for "a refund of monies," was sufficient to put defendants on notice that her injury was economic in nature.

The issue is whether the demand letter was sufficient to enable defendants to reasonably understand the injury to assess their liability and tender a reasonable settlement offer. <u>See</u> <u>Moynihan v. LifeCare Centers of Am., Inc.</u>, 798 N.E.2d 1045 (2003) (an adequate demand letter "must recite facts and circumstances that make the cause and extent of the injury reasonably apparent to the defendant."); <u>see also</u> <u>Fredericks v. Rosenblatt</u>, 667 N.E.2d 287, 289 (1996). The demand letter in this case states that plaintiff is a purchaser of New England Coffee Company's flavored products, that defendants' coffee was mislabeled, and that plaintiff seeks a refund for herself and the putative class. The reasonable inference is that plaintiff suffered a monetary injury

when she purchased the allegedly mislabeled product. Indeed, defendants so concluded and offered plaintiff a refund. Cf. Thorpe v. Mut. of Omaha Ins. Co., 984 F.2d 541, 544 (1st Cir. 1993) (holding that a demand letter's description of the injury was insufficient because defendant could not "appraise the value of a claim or frame a settlement offer."). Plaintiff's letter may not have used the word "injury," but "technicalities are not to be read into the [ch. 93A] statute." Richards, 850 N.E.2d at 1073 (internal quotations and citations omitted).

Defendants also argue that the complaint alleges an injury that they could not have inferred from the demand letter: "paying a premium price for Defendant's falsely advertised coffees." Compl. at ¶ 41. Nowhere does the demand letter suggest that Dumont would have paid less for the coffee had she known of its contents. Defendants therefore did not have an opportunity to estimate their losses and make a settlement offer with respect to a premium price injury.

### III. Conclusion

The Motion for Summary Judgment (Docket # 31) is DENIED. Plaintiff shall not proceed with the premium price theory of harm.

March 25, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

4